IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-10593
Summary Calendar
_____

H. C. SIBLEY, on behalf of himself and
others similarly situated,

Plaintiff-Appellant,

versus

STEVE ALLISON, MICHAEL I. ROTH,
SAMUEL J. FOTI, THE MUTUAL LIFE
INSURANCE COMPANY OF NEW YORK,

Defendants-Appellees,

_____

Appeal from the United States District Court for the
Northern District of Texas, Dallas
(3:95-CV-1960-H)
_____

December 23, 1998

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

Sibley appeals a district court summary judgment ruling,
claiming that he presented adequate evidence to proceed to trial on
his claims of fraudulent misrepresentation and, in the alternate,
that he was entitled to further discovery before conclusion of
those summary judgment proceedings. Because we conclude that the
district court correctly decided these issues, we affirm.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Sibley purchased a life insurance policy from The Mutual Insurance Company of New York ("Mutual") that paid dividends into the policy. When the amount of dividends was lowered below Sibley's expectations, Sibley brought a claim against Mutual and its officers claiming that Mutual had engaged in numerous acts of fraud, misrepresentation, and deception. Specifically, Sibley claimed that Mutual had (1) filed false schedules with the New York Insurance Department, (2) secretly paid excessive bonuses to its officers, (3) engaged in improper accounting practices, (4) falsely reported the number of agents it employed, (5) published false credentials for a company officer, (6) concealed violations of law from policyholders, and (7) compared Sibley's policy to another policyholder's when that policyholder's dividends were excessively high due to a miscalculation. The district court upheld the magistrate judge's determination that Sibley was unable to demonstrate how he suffered harm as a result of any of these acts. After a review of the record and a study of the briefs, we are unable to find evidence that would support a finding that any of the defendants' alleged acts damaged Sibley.

Sibley also argues that he was entitled to additional discovery prior to the magistrate judge's summary judgment ruling. The magistrate judge instructed Sibley to file a Rule 56(f) motion for continuance, specifying the documents or other discovery he needed to respond to the motion. In response, Sibley filed a motion seeking a response to all of his prior discovery requests.

2

The magistrate judge then instructed him to file a supplemental brief and affidavit describing the specific documents or discovery he required before proceeding with the summary judgment ruling. Sibley again responded with a demand for all of the discovery he had originally requested. The magistrate judge ultimately denied his motion to compel, concluding that "the discovery which he continues to seek relates to matters which support the merits of his claims" rather than the defendants' motion for summary judgment. The district court did not abuse its discretion in reaching this result.

For the foregoing reasons, the district court's rulings in this case are therefore

A F F I R M E D.